### VINCENT O. HILL *vs.* JAMES GINN, et al.

*Replevin—Impounding Live Stock Running at Large—Written Notice—Statute Abrogating Common Law—Damages.*

1. A statute which treats of the whole of any subject matter, abrogates the common law on that subject, as a subsequent statute treating of the whole subject matter of a previous statute will be a virtual repeal of the previous statute.

2. The common law right of securing damages by impounding cattle running at large on uninclosed lands is abrogated by the statute of this State passed March 2, 1893—*Rev. Code, 482.*

3. The said statute provides that a written notice shall be given to the owner of the stock, and it must be proved at the trial that such notice was given, otherwise the plaintiff must recover such loss as he sustained by the detention of his property. But he cannot recover in this action for any injuries to the stock during the detention thereof.

*(May 22, 1899.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Thomas Davis* for plaintiff.

*E. R. Cochran, Jr.,* for defendants.

Superior Court, New Castle County, May Term, 1899.

ACTION OF REPLEVIN (No. 6, Sept. Term, 1897).  At the trial it was proved that the defendant, about May 28, 1897, impounded the five horses of the plaintiff, taking them from his farm to the farm of his son, some four or five miles distant.  That the plaintiff thereupon recovered possession of the horses by writ of replevin; and the action was brought to recover damages for injuries to, and the loss of services of, the horses while in the possession of the defendant.

The defendant claimed that he took the horses while trespassing on his wheat field, and justified in avowry for damage feasant, claiming total damages of $24.00; the items being as follows: 3 appraisers at $1.00, $3.00; impounding 5 head of horses, $5.00; feeding five head of horses at 25c. each for 8 days, $10.00; serving notice, 50c.; Justice of the Peace, $1.50; other damages, $1.00; damage to wheat, $3.00.

The defendant testified that he served forthwith notice upon the plaintiff, but did not state whether it was a written or verbal notice.

The defendant's counsel admitted that the stock accidentally escaped from the field of the plaintiff, and that the field upon which the horses trespassed was unenclosed on the side next to the public road, and that the horses entered said field from the public road.  Plaintiff proved that he sent after the horses early the next morning after learning that they had escaped from his field.

When the testimony of both sides was concluded, Mr. Davis, counsel for plaintiff, moved that the Court instruct the jury to find a verdict for the plaintiff, on the following grounds:

*First.* That the circumstances showed that the defendant's avowry was made under the statute (*Rev. Code, 482, Chap. 557, Sec. 2*), which was a remedial statute and should be strictly complied with; that said statute required that the defendant should have given forthwith written notice of the impounding of the plaintiff's horses, whereas there was no proof that there was a writen notice given.

*Second.* By the testimony of the defendant, the horses escaped accidentally from the enclosure where they were feeding, and the said statute (*Rev. Code, 43, Sec. 5*) did not apply to stock accidentally escaped; that animals escaped from their owner's enclosure are not considered as running at large.

*McBride vs. Hechlin, 124 Ind., 500.*

*Third.* That where horses escape from enclosure against the will of the owner, and he immediately searches for them, they are not running at large.

*Kinder vs. Gillespie, 63 Ill., 89.*

Mr. Cochran contended that he was proceeding under the common law, and not under the statute; that the statute did not abrogate the common law.

*Hanes vs. Wise, 4 Harr., 243.*

The Court refused to give immediate peremptory instructions as asked for, but stated that they would pass upon the points raised in the charge to the jury.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This case, which seemed quite simple at the outset, has developed an important question of law, which we have as carefully considered as we could in the limited time afforded us, and upon that we are now ready to give our decision.

This is an action of replevin, in which the plaintiff seeks to recover certain damages for an alleged unlawful taking or detention by the defendant, of certain property of the plaintiff. The defendant avows the taking and detention of the property, but claims that his act was lawful, and justifies his action under the claim that said property escaped from the possession of the plaintiff, and was trespassing on the property of the defendant; doing him damage in the injury to his crops, etc. That under these circumstances he, the defendant, had a right to impound the horses of the plaintiff,

and hold them until the damages he had sustained had been paid by the plaintiff.

So far as the evidence discloses, no notice in writing was given by the defendant to the plaintiff of the impounding of the horses, and if the proceedings involved in this suit are based upon the statute of this State passed March 2, 1893 (*Rev. Code, 482*), the defense must necessarily fail, because under that statute, a written notice must be given if cattle are impounded for running at large upon the highway or uninclosed lands. It is admitted that the ·lands upon which the horses in this case were trespassing at the time they were impounded, were uninclosed lands. But the defendant insists that the statute of March 2, 1893, does not take away the remedy that existed in such cases at common law, and that he is standing in this case upon his rights at common law. It therefore becomes a very important question to determine whether the statute which I have mentioned does cover this particular case, and whether it is exclusive of every other remedy, including that which had previously existed at common law.

In *23 Am. & Eng. Encyclopedia of Law, 388,* we find this principle stated : "As a rule, affimative words without negative words do not annul the common law, but it is well established that a statute which treats of the whole of any subject matter abrogates the common law on that subject, as a subsequent statute treating of the whole subject matter of a previous statute will be a virtual repeal of the previous statute." We think this is a very clear and comprehensive statement of the rule which we believe to be sound law. It was in fact decided by this Court in the case of *Spruance vs. Truax, 9 Houst., 129,* and affirmed by the Court of Errors and Appeals after full argument, that a special statute which provided the remedy for a person who had sustained damages from animals escaping from the premises of their owner and trespassing upon his lands, was the only one under which proceedings could be taken, although it provided for no notice to be given the owner, even though there was a prior statute of a general character covering the

subject matter, which did provide for such written notice. The Court held that the subsequent statute covering the subject matter embraced in the suit, to that extent repealed the more general statute of a prior date.

Under the facts proved in the case now before us, and the admissions of the defendant, we have no doubt that the statute of March 2, 1893, fully covers the subject matter embraced in this suit. And besides, the very course taken by the defendant in the matter of ascertaining his damages, etc., was in conformity with the statute and indicates that it was his purpose to proceed thereunder.

We are of the opinion that inasmuch as this case falls within the provision of the statute of 1893, and the written notice provided for in the statute was not given, the act of the defendant in detaining the horses was not authorized by the statute and was unlawful. We instruct you, therefore, that the defendant cannot recover in this action, and that your verdict should be for the plaintiff; but for such damages as you believe from the evidence he has suffered from the detention of the property merely. And we say to you that the plaintiff cannot recover for injuries that the horses may have sustained while thy were out of his possession and held by the defendant, or for their poor condition resulting from the detention; but that your verdict must be simply for such damages as you believe the plaintiff sustained by reason of the detention, that is, such loss as he may have suffered on account of being deprived of the use of his property during that time.

Verdict for plaintiff for $4.00.